T.C. Summary Opinion 2001-153

UNITED STATES TAX COURT

LEWIS L. REESE, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 3140-00S.                    Filed September 25, 2001.

Lewis L. Reese, pro se.

<u>H. Clifton Bonney, Jr.</u>, for respondent.

DINAN, <u>Special Trial Judge</u>:  This case was heard pursuant to
the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in

effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax of $6,591 and an accuracy-related penalty in the amount of $1,318 for the taxable year 1997.

After concessions,[1] the issues for decision are:  (1) What amount of Social Security disability benefits is includable in petitioner's gross income; and (2) whether petitioner is entitled to a deduction for attorney's fees incurred in obtaining the Social Security benefits.

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference.  Petitioner resided in South San Francisco, California, on the date the petition was filed in this case.

Petitioner moved from California to the Washington, D.C., area in early December 1996 in order to obtain medical treatment. He maintained a household in Washington, using furniture and other items moved from California.  In late December 1996, petitioner's wife moved back to California due to medical problems experienced by her daughter living there.  Because their

---

[1]Petitioner concedes that (1) he is not entitled to a deduction for any contribution to an Individual Retirement Account, and (2) a State income tax refund of $1,096 must be included in his gross income.  Respondent concedes that petitioner is not liable for the accuracy-related penalty.

belongings had been moved from California, petitioner's wife purchased new furniture for use there. She remained in California, caring for her daughter and granddaughter and working at San Francisco General Hospital. After petitioner completed his medical treatment, he moved back to California. He began driving from Washington, D.C., on or about December 26, 1997, stopped in Decatur, Georgia, to spend the New Year holiday with his sister, and arrived in San Francisco on or about January 4, 1998.

Petitioner received Social Security disability benefits of $26,364 in 1997. These benefits were attributable to 1996 and 1997. Of the total amount, $20,011 was paid to petitioner directly, $44 was paid on behalf of petitioner for Medicare premiums, and the remaining $6,309 was paid to petitioner's lawyer.

Petitioner filed a Federal income tax return for 1997 as a married person filing a separate return. He reported $20,490 in adjusted gross income,[2] but has since conceded that his 1997

---

[2]The notice of deficiency reflects taxable income as shown on petitioner's return to be $16,389. Petitioner's return shows $14,389. This $2,000 discrepancy was apparently an attempt by respondent to correct a mathematical error in petitioner's computation of adjusted gross income. The following computation appears on petitioner's return:

(continued...)

adjusted gross income, exclusive of any Social Security benefits, is $23,586.[3]  Petitioner did not include any portion of the benefits in gross income.  Respondent determined that 85 percent of the benefits, or $22,409, is includable.

The inclusion of Social Security benefits in gross income is governed by section 86.  Social Security disability benefits are treated in the same manner as other Social Security benefits. Sec. 86(d)(1); Thomas v. Commissioner, T.C. Memo. 2001-120. Under the general rule, taxpayers whose modified adjusted gross income plus half of the Social Security benefits received is greater than $25,000[4] must include a portion of the benefits in

---

[2](...continued)

| | | |
|---|---|---|
| Total income | | 32,389 |
| IRA deduction | 2,000 | |
| Moving expenses | 7,900 | |
| Total adjustments | | (11,900)[1] |
| Adjusted gross income | | 20,489 [2] |

[1]This amount was written on top of an entry showing $9,900.
[2]This amount was written on top of an entry showing $22,489.

It is evident from petitioner's return that the error lies not in the adjusted gross income computation, but in the amount of moving expenses.  According to the Form 3903, Moving Expenses, filed by petitioner with his return, he incurred a total of $9,900 in such expenses.  This indicates that while petitioner discovered and corrected the error in the adjusted gross income computation, he neglected to correct the error in the amount of moving expenses reflected in the computation.  The Rule 155 computation must account for this discrepancy in the notice of deficiency.

[3]This amount is $20,490 plus the $3,096 in concessions made by petitioner.  See supra note 1 for the individual concessions.

[4]This amount is $32,000 in the case of joint returns and zero in the case of taxpayers who are married, who do not file a
(continued...)

their income.  Sec. 86(a) through (c).  The portion included in income, never exceeding 85 percent, varies according to a formula set forth in section 86(a).  This formula uses variables known as "base amount" and "adjusted base amount", which are defined under section 86(c).  Under the general rule, the former is $25,000 and the latter is $34,000.  Sec. 86(c)(1)(A) and (2)(A).  However, with respect to a married taxpayer who does not file a joint return and who "does not live apart from his spouse at all times during the taxable year," both of these amounts are zero.  Sec. 86(c)(1)(C) and (2)(C).

Respondent argues that petitioner lived with his wife for a portion of 1997, causing the benefits he received to fall under the special rule of section 86(c)(1)(C) and (2)(C).  To this effect, respondent asserts that petitioner admitted prior to trial that he had lived with her for a few days in 1997.  Petitioner denies making such an admission.  He testified at trial that he returned to California on 2 days in connection with a workers' compensation issue, but that he did not "live" with his spouse during that period.  No evidence was admitted of an admission by petitioner or which otherwise contradicts petitioner's testimony.  We accept petitioner's testimony and have found, as detailed above, that petitioner and his wife lived

---

⁴(...continued)
joint return, and who do not live apart from their spouses at all times during the year.  Sec. 86(c)(1).

apart throughout 1997.  The exact amount of the Social Security benefits which petitioner must include in income will be calculated in the Rule 155 computation required in this case.

Separately, petitioner argues that only the portion of the benefits which he received should be included in income, not the portions paid for Medicare and paid to his lawyer.  As a general rule, income is taxed to the person earning it even if the right to receive the income is contractually assigned to another person prior to its being earned.  Lucas v. Earl, 281 U.S. 111 (1930); Kenseth v. Commissioner, 114 T.C. 399 (2000), affd. 259 F.3d 881 (7th Cir. 2001); Banks v. Commissioner, T.C. Memo. 2001-48; see also S. Rept. 98-23, 26 (1983), 1983-2 C.B. 328 (stating that the total amount of Social Security benefits received by a taxpayer is not to be reduced by attorney's fees or amounts withheld as medical insurance premiums).  Under this principle, the Social Security benefits are includable in petitioner's income despite the fact that these amounts were paid on his behalf rather than to petitioner directly.

Under section 212(1), taxpayers are "allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year * * * for the production or collection of income".  The amount of the deduction is limited to expenses related to the collection of income which is required to be included in gross income for Federal income tax purposes.  Sec.

265(a)(1); sec. 1.212-1(a)(1), Income Tax Regs.  Thus, petitioner is entitled to deduct the same percentage of the legal expenses incurred in securing the Social Security disability benefits as the percentage of the benefits which are included in income.  See Andrews v. Commissioner, T.C. Memo. 1992-668.  This deduction is a miscellaneous itemized deduction subject to the 2-percent floor of section 67(a); whether it reduces petitioner's taxable income will be determined in the Rule 155 computation.

Petitioner makes two final arguments.  First, petitioner argued in the petition that he did not receive the Social Security payments until 1998.  However, at trial petitioner admitted (and the evidence reflects) that he received the payments in late December 1997.  Second, petitioner argues that a portion of the benefits was attributable to 1996, not 1997.  However, lump-sum benefits generally are taxed in the year received rather than the year to which they are attributable.  Secs. 86(e), 451(a).

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be entered

under Rule 155.